IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 14-cr-30198-DWD |
| JONATHAN L. HERBERT, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On December 18, 2014, Defendant Jonathan L. Herbert pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 (Doc. 5). Defendant was sentenced to a term of imprisonment of 140-months, to be followed by a 5-year term of supervised release (Doc. 25). Defendant's projected release date is December 11, 2024. *See Find an Inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed December 3, 2021). Now before the Court is Defendant's motion for compassionate release (Doc. 29) and supplements (Doc. 41, Doc. 47). Herbert seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to time served. The Government opposes the motion (Doc. 43). For the following reasons, the motion will be denied.

### The First Step Act of 2018

The general rule is that sentences imposed in criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Compassionate release long has been an exception to

1

this general rule. Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it through the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion, provided that they exhaust administrative rights prior to seeking relief in the courts. The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived. *See United States v. Sanford*, 986 F.3d at 781; *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Here, the Government does not challenge Herbert's exhaustion efforts and concedes that Herbert satisfied the exhaustion requirements (*See* Doc. 43, p. 5).

After a compassionate release motion is filed, the Court may reduce the term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). If such reasons exist, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a). The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). Where a motion is brought by the defendant, the Court may consider the Sentencing Commission's policy statements but is not bound by them. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This "working definition of 'extraordinary and compelling reasons'" includes circumstances surrounding the medical condition of the defendant, the age of the defendant, and family

circumstances. *Id.*; *see also Application Notes*, U.S.S.G. § 1B1.13. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

## Discussion

Herbert argues that extraordinary and compelling reasons exist for his release due to the Covid-19 pandemic, and that his underlying medical conditions and risk factors increase his susceptibility to complications from Covid-19 (Doc. 41). Herbert asserts that he has numerous medical conditions, including Hepatitis C and chronic bronchitis (Doc. 41, p. 6). Herbert also states that he was a former smoker for many years (Doc. 29). Beyond these justifications for considering his compassionate release motion, Herbert maintains that the indicia of rehabilitation weigh in favor of early release. He has served more than 50% of his sentence and argues he has rehabilitated himself by maintaining ties with members of various religious communities (Doc. 29; Doc. 41).

The Government opposes Herbert's motion, arguing that Herbert waived his right to seek a reduction of his sentence in his plea agreement (Doc. 43). The Government further opposes the motion arguing that Herbert failed to establish extraordinary and compelling reasons, and because Herbert declined to receive the Covid-19 vaccine. Finally, the Government argues that the factors in § 3553(a) weigh heavily against Herbert's early release. Specifically, the Government points to Herbert's fraud scheme, which was particularly awful to his many victims, in addition to his extensive criminal history.

Herbert does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. Specifically, Herbert has not established that he is suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family. However, in the unusual circumstances of the COVID-19 pandemic, courts have been willing to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions and other risk factors make defendants particularly susceptible to COVID-19.

Here, Herbert does appear to have certain health problems and risk factors which might increase his vulnerability to COVID-19. According to the Centers for Disease Control ("CDC"), persons with chronic bronchitis, chronic liver diseases such as hepatitis, and who have a history of smoking, make a person more likely to get severely ill from COVID-19. *See Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed December 3, 2021). Although, the Government argues that Herbert's medical records do not conclusively show Herbert is currently suffering from chronic bronchitis or hepatitis. If true, those conditions would increase his vulnerability to COVID-19. *Id.* Regardless, the Government does not contest Herbert's smoking history, and the CDC's guidance advises that persons with a history of smoking make a person more likely to get severely ill from COVID-19. *Id.*

Nevertheless, even accepting that the cumulative effect of Herbert's medical conditions may increase his risk of severe adverse reactions to a COVID-19 infection, the record does not support finding that a risk of infection and adverse consequences present an extraordinary and compelling reason for immediate release at this time.  Pertinent here is the fact that Herbert has refused to receive the COVID-19 vaccine (Doc. 43-4, at pp. 16, 23).  Herbert has not offered any justification, let alone a reasonable one, for his refusal to receive the COVID-19 vaccine.  The Seventh Circuit has reasoned that a "prisoner who remains at elevated risk [for COVID-19] because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.  The risk is self-incurred."  *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Herbert is currently incarcerated at Coleman Low FCI ("Coleman").  *See Find an Inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed December 3, 2021). Coleman currently has zero inmates and only two staff members who have tested positive for COVID-19. *See Coronavirus*, BOP, https://www.bop.gov/coronavirus (last accessed December 3, 2021). While one inmate at Coleman has died from COVID-19, 405 inmates and 75 staff members have recovered from an infection.  *Id.*  Additionally, the Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities.[1]  The risk of

---

[1] The BOP's Modified Operations Plan is available at
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed December 3, 2021).

5

contracting COVID-19 at Coleman currently is extremely low, as there are no active infections in the inmate population. Even if the rates of COVID-19 transmission were to escalate, Herbert's refusal to receive a vaccine that is extremely effective at preventing hospitalization and death, *see Questions about Moderna COVID-19 Vaccine*, CDC, https://www.cdc.gov/vaccines/covid-19/info-by-product/moderna/moderna-faqs.html (last accessed December 3, 2021), makes the risk "self-incurred." *See Broadfield*, 5 F.4th at 803.

Under these facts, the Court finds that COVID-19 combined with Herbert's health conditions and the situation at Coleman do not constitute extraordinary and compelling reasons for sentence reduction. Because extraordinary and compelling reasons for a reduction do not exist, the Court need not weigh Herbert's rehabilitation arguments under the § 3553(a) factors. Nevertheless, the Court observes that the nature of the acts for which Herbert is currently incarcerated counsels against compassionate release. Specifically, Herbert's incarceration remains necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to adequately deter Herbert and others from committing further crimes, and to protect the public.

### Conclusion

Defendant's Motion for Compassionate Release (Doc. 29) is therefore **DENIED**.

**SO ORDERED.**

Dated: December 3, 2021

_____

DAVID W. DUGAN
United States District Judge