IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cr-30198-DWD |
| ) | |
| JONATHAN L. HERBERT, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On December 18, 2014, Defendant Jonathan L. Herbert pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 (Doc. 5). Defendant was sentenced to a term of imprisonment of 140-months, to be followed by a 5-year term of supervised release (Doc. 25). Now before the Court is Defendant's motion for application of FSA Time Credits (Doc. 58). Herbert seeks to be released to pre-release custody on home confinement, invoking 18 U.S.C. § 3624 (Doc. 58). Herbert argues that he has demonstrated a reduced risk of recidivism by attempting to enroll in several programs at FCI Coleman, and by attending the Residential Drug and Alcohol Program from December 21, 2018 through June 30, 2019 (Doc. 58). The Government opposes the motion (Doc. 61). For the following reasons, the motion will be denied.

### Discussion

The First Step Act of 2018 increased the maximum allowable good-time credit available under 18 U.S.C. § 3624(b)(1) from 47 days per year to 54 days per year. *See*

1

*United States v. Cruz*, 2020 WL 1915255, at *2 (S.D. Ind. Apr. 17, 2020) (collecting cases).

In relevant part, 18 U.S.C. § 3624(b)(1) provides:

> A prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

However, even after the First Step Act, Section 3624 makes clear "that it is the Bureau of Prisons, not the court, that determines whether a federal prisoner should receive good time credit."  *United States v. Evans*, 1 F.3d 654, 654 (7th Cir. 1993) (discussing the prior version of § 3624); *see also Terry v. United States*, No. 4:17-CR-40080-SLD-1, 2021 WL 4236864, at *2 (C.D. Ill. Sept. 16, 2021), *certificate of appealability denied,* No. 21-2851, 2022 WL 9681683 (7th Cir. May 25, 2022); *Terry v. United States*, No. 21-2851, 2022 WL 9681683 (7th Cir. May 25, 2022) ("[T]he award of good-time credits to federal prisoners is within the purview of the BOP.") (citing *Cruz*, 2020 WL 1915255, at *2 (S.D. Ind. Apr. 17, 2020)); *in accord United States v. Hagler*, No. 1:10 CR 51, 2019 WL 2393861 (N.D. Ind. June 4, 2019) ("[T]he Bureau of Prisons has exclusive jurisdiction to determine sentence credits

for federal inmates[.]"). Although the First Step Act changed the amount of good time credit available, it did not give the Courts the authority to award such credit.[1]

Accordingly, upon thorough review of the Court record, the Court has no authority to consider Herbert's application for good time credits in his closed criminal case. He must first ask the Bureau of Prisons for the credit he seeks through the BOP's administrative procedures. *See Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999). Once he has exhausted those administrative remedies, he then may challenge the BOP's determination by filing a petition under 28 U.S.C. § 2241 for habeas relief. *See Walker*, 917 F.3d at 994.

To that end, presently, the Court understands Herbert's Motion as asking the Court to award him good time credits under the First Step Act, and not as a challenge to the manner in which the BOP has previously calculated his good-time credits.[2] The later challenge would be appropriately brought in a petition under 28 U.S.C. § 2241. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983) (inmates may challenge the loss of good conduct credit pursuant to 28 U.S.C. § 2241). However, because Herbert's Motion only seeks to have the Court direct BOP to apply additional good-time credits to his sentence, and does not otherwise request review of the BOP's calculation of his good time credits

---

[1] This treatment of good-time credits under 18 U.S.C. § 3624(b)(1) is analogous to the treatment of credit for prior custody under 18 U.S.C. § 3585(b). *See, e.g.*, *United States v. Walker*, 917 F.3d 989, 993–94 (7th Cir. 2019) (collecting cases) ("It is the Attorney General, acting through the BOP, and not the sentencing court, that computes the credit due under § 3585(b)") (internal quotation marks omitted); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995) ("More importantly, it is the Attorney General, and not the sentencing court, that computes the credit due under 3585(b).").

[2] While Defendant also asks for the Court to "correct" his good-time credits (Doc. 58), Defendant does not indicate when or if he has ever applied to the BOP for the good-time credits he now seeks the Court to award him.

already earned, the Court has no authority to construe Hebert's application as a petition under 28 U.S.C. § 2241. *See, e.g.*, *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (inmates obtain a liberty interest in ***earned*** good time credit); *in accord Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.").

Moreover, a 28 U.S.C. § 2241 petition should be brought in the district where Herbert is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004) ("Whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Herbert is currently incarcerated at Miami RRM, and not in this District.[3] Accordingly, even if Herbert's Motion could be construed as a petition under § 2241, dismissal would still be appropriate. *See al al-Marri v. Rumsfeld*, 360 F.3d 707, 709–10 (7th Cir. 2004) ("Appellate courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's detention"); *Hagler*, 2019 WL 2393861 (sentencing court lacks jurisdiction to hear § 2241 claim related to calculation of good time credits when defendant is incarcerated in another district).

### **Additional Documents Submitted with Defendant's Reply Brief**

In addition to Herbert's arguments concerning FSA credits, in his Reply Brief, Herbert submitted documents related to an administrative appeal of a motion for compassionate release he submitted in August 2020 (Doc. 61, p. 7). This document does

---

[3]*See Find an Inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed Nov. 15, 2023). At the time of filing his Motion, Defendant was located at FCI Coleman, which is also outside this District.

4

not appear applicable to Herbert's motion for application for FSA credits. Indeed, during the pendency of the briefing on this current motion, Herbert was in the process of appealing this Court's previous denial of his motion for compassionate release (*See* Doc. 48, Order denying Motion for Compassionate Release; Doc. 51, Herbert's Notice of Appeal). The Seventh Circuit Court of Appeals issued its Mandate affirming the Court's denial of Herbert's Motion for Compassionate Release on June 24, 2022 (Doc. 62). Therefore, to the extent Herbert seeks to challenge or supplement those prior proceedings with additional material from his Reply Brief (Doc. 61), the Court can discern no jurisdictional basis to consider those documents, and these documents do not otherwise alter the Court's analysis as to Herbert's Motion for FSA Time Credits.

## Conclusion

For these reasons, Defendant Herbert's Motion for Application of FSA Time Credits (Doc. 58) is **DENIED**.

**SO ORDERED.**

Dated: November 16, 2023

DAVID W. DUGAN
United States District Judge